IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 26-10268-E

MARCEL POIRIER,
Plaintiff-Appellant,

v.

PEAK6 INVESTMENTS LLC et al.,
Defendant-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

District Court Case No. 1:21-md-02989-CMA

**DEFENDANT-APPELLEES ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC, AND ROBINHOOD SECURITIES, LLC'S OPPOSITION TO APPELLANT'S MOTION FOR STAY**

USCA11 Case: 26-10268   Document: 16   Date Filed: 02/23/2026   Page: 2 of 8

Marcel Poirier v. Peak6 Investments LLC et al.
No. 26-10268-E

Appellees Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (collectively, "Robinhood") respectfully submit this Opposition to Appellant Marcel Poirier's Motion for Stay Pending Appeal [ECF No. 10] ("Motion").

## FACTUAL AND PROCEDURAL BACKGROUND

The multidistrict litigation (MDL) below arose from a short period of market volatility caused by historic retail trading in a handful of so-called "meme stocks." *In re Jan. 2021 Short Squeeze Trading Litig.*, 105 F.4th 1346, 1349 (11th Cir. 2024). In response to this market volatility, Robinhood implemented certain trading restrictions on the meme stocks in late January 2021. *Id.* These trading restrictions led scores of retail investors to sue Robinhood and other entities in federal courts across the country. *Id.* The suits were consolidated into an MDL and transferred to the District Court, which created four tranches of claims: Antitrust, Robinhood, Other Brokers, and Federal Securities. *In re Jan. 2021 Short Squeeze Trading Litig.*, 2025 WL 1865945, at *2 (S.D. Fla. Apr. 8, 2025).

The Federal Securities tranche proceeded as a putative class action against Robinhood. *See In re Jan. 2021 Short Squeeze Trading Litig.*, 584 F. Supp. 3d 1161, 1177 (S.D. Fla. 2022). Appellant was one of the lead Plaintiffs in that putative class action. *See In re Jan. 2021 Short Squeeze Trading Litig.*, 2023 WL 9035671, at *1 (S.D. Fla. Nov. 13, 2023). After the District Court denied class certification in the

1

USCA11 Case: 26-10268    Document: 16    Date Filed: 02/23/2026    Page: 3 of 8

Marcel Poirier v. Peak6 Investments LLC et al.
No. 26-10268-E

Federal Securities tranche, *see id.*, Robinhood and almost all of the lead Plaintiffs in that tranche entered into agreements to resolve those Plaintiffs' claims on individual bases. See MDL Docket, No. 21-md-2989 (S.D. Fla.) [ECF No. 691]. Appellant and Robinhood stipulated to dismissal of Appellant's claims without prejudice to Appellant asserting his claims in mediation and then arbitration if mediation was unsuccessful. *Id.* The District Court dismissed Appellant's claims upon the parties' stipulation, and retained jurisdiction solely to enforce the parties' dismissal agreement. *See id.* [ECF No. 692].

Following dismissal, Appellant—proceeding *pro se*—began to submit "duplicative, rambling, [and] legally baseless" filings seeking to impose treble damages on Robinhood. *See id.* [ECF No. 798]. The District Court held a hearing on July 10, 2025, to clarify the relief Appellant was seeking. *Id.*; *see also id.* [ECF No. 804]. At the hearing, the District Court confirmed that its jurisdiction was limited solely to enforcing Appellant and Robinhood's dismissal agreement, and thus entered an order instructing the Clerk not to accept further filings from Appellant unless the filing was either a notice of appeal or a motion to enforce the parties' dismissal agreement. *Id.* [ECF No. 805]. Appellant then submitted multiple subsequent filings that, although titled "motion to enforce," actually continued to seek treble damages against Robinhood. *See, e.g.*, *id.* [ECF Nos. 808, 816, 819]. The District Court denied each of Appellant's motions, and reiterated its instruction

2

USCA11 Case: 26-10268     Document: 16     Date Filed: 02/23/2026     Page: 4 of 8

Marcel Poirier v. Peak6 Investments LLC et al.
No. 26-10268-E

to file either a notice of appeal or a (genuine) motion to enforce the parties' dismissal agreement. *See, e.g., id.* [ECF No. 820]. Finally, Appellant submitted a notice of the present appeal on January 23, 2026.

On February 7, 2026—14 days after filing this appeal—Appellant initiated JAMS arbitration against Robinhood, as provided for by the parties' dismissal agreement.[1] Four days after initiating arbitration, Appellant submitted the instant Motion via UPS, which this Court received and filed on February 13, 2026. *See* Mot. at 5. Through the Motion, Appellant seeks to stay his arbitration proceedings until this appeal is complete. *See generally* Mot.

## ARGUMENT

Appellant's requested stay is not warranted for two reasons. First, Appellant's request is now moot. Appellant claims a stay is necessary because he "faces a contractual deadline to initiate arbitration" and "may be compelled to commence arbitration" while the appeal is pending. *See* Mot. at 3. But Appellant has already initiated arbitration—in fact, he initiated arbitration several days before seeking a stay of the obligation to do so. Because Appellant has already commenced arbitration, Appellant's request to stay the deadline to commence arbitration is moot.

---

[1] Robinhood and Appellant complied with the agreement's pre-arbitration mediation requirement by mediating on December 4, 2025.

3

USCA11 Case: 26-10268     Document: 16     Date Filed: 02/23/2026     Page: 5 of 8

Marcel Poirier v. Peak6 Investments LLC et al.
No. 26-10268-E

Second, Appellant has satisfied none of the factors that this Court considers when addressing a motion to stay. The factors this Court considers are

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies.

*Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019). The party seeking a stay has the burden to show that these factors are met. *Id.* Notably, Appellant does not address any of the factors in his Motion. And none of the factors is met.

The first factor is not met because Appellant is not likely to succeed on the merits of his appeal. After all, Appellant challenges the District Court's orders declining to exceed its limited jurisdiction, but Appellant stipulated to that limited jurisdiction when he agreed to dismiss his federal-court claims. The second factor also is not met because Appellant will not be irreparably harmed absent a stay. Appellant is contractually bound to arbitrate; he has already initiated arbitration; and nothing stops him from bringing in arbitration the claims he presently tries to bring in federal court—in short, Appellant shows no injury arising from arbitration, let alone irreparable injury.

As to the third factor: Robinhood does not presently assert that it would be "substantially injure[d]" by a stay. The requested stay would, however, further delay

USCA11 Case: 26-10268　　Document: 16　　Date Filed: 02/23/2026　　Page: 6 of 8

Marcel Poirier v. Peak6 Investments LLC et al.
No. 26-10268-E

resolution of Appellant's claims, which have been pending since 2021. And in any event, the first two factors—the unlikely success of Appellant's appeal and the lack of irreparable injury to Appellant—"are the most critical" of the four factors. *Lee*, 915 F.3d at 1317.

Finally, the fourth factor is not met because Appellant fails to make any showing of the public interest favoring a stay. To the contrary, the public interest generally favors speedy and efficient resolution of cases, *see United States v. Vargas*, 97 F.4th 1277, 1286 (11th Cir. 2024), and such resolution would only be delayed by a stay.

In sum, the Court should deny Appellant's Motion because it seeks moot relief and none of the applicable factors favors a stay.

| | |
|---|---|
| Dated: February 23, 2026 | Respectfully submitted, |
| | HUNTON ANDREWS KURTH LLP |
| | */s/ Tom K. Schulte*<br>Samuel A. Danon<br>sdanon@hunton.com<br>Tom K. Schulte<br>tschulte@hunton.com<br>333 SE 2nd Avenue, Suite 2400<br>Miami, Florida 33131<br>Tel. (305) 810-2500<br>Fax (305) 810-2460 |
| | *Counsel for Appellees*<br>*Robinhood Markets, Inc.*<br>*Robinhood Financial LLC*<br>*Robinhood Securities, LLC* |

## **CERTIFICATE OF COMPLIANCE**

I certify that this Opposition complies with the word-count and typeface requirements of Fed. R. App. P. 27(d), as the Opposition contains 1,055 words and was prepared using Times New Roman, size 14 font.

*/s/ Tom K. Schulte*

Marcel Poirier v. Peak6 Investments LLC et al.
No. 26-10268-E

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner.

*/s/ Tom K. Schulte*

## Service List

Counsel of record, via CM/ECF

Marcel Poirier, via U.S. Mail